HULBERT, ADM'X. ETC., APPELLANT, v. WALLEY, APPELLEE.

1. ADMINISTRATION—FUNERAL EXPENSES.
The estate of a deceased person is responsible for funeral expenses.
2. SAME.
The failure of the administrator to inventory the property belonging to the estate of the decedent, does not render him or his estate liable for the payment of the decedent's funeral expenses.
3. SAME.
A widow is not primarily responsible for the payment of a claim against the estate of her deceased husband.

*Error to the County Court of Arapahoe County.*

Mr. E. P. HARMON, for appellant.

Mr. S. W. SPANGLER and Mr. E. E. SCHLOSSER, for appellee.

RICHMOND, P. J., delivered the opinion of the court.

Some time prior to April, 1888, Caleb S. Burdsal died intestate, and one Thomas E. Poole was appointed administrator of his estate. A claim was presented in the usual statutory form and manner against the estate by the appellee herein, J. J. Walley, for funeral expenses, amounting in the aggregate to $265. It appears from the record that the administrator failed to find any property belonging to Burdsal, consequently no inventory was filed, and in fact nothing has been done of any moment so far as the questions presented in this case are concerned.

Thereafter Luzetta Burdsal, wife of Caleb Burdsal, died, and Elizabeth T. Hulbert was appointed administratrix of her estate, and in the inventory she has enumerated, as part of the estate, the S. W. ¼ of the N. W. ¼ Sec. 1, Township 5 South of Range 70, west of the 6th principal meridian, situate and being in the county of Jefferson, state of Colorado. By the inventory it appears that the title to this real estate stands on the record in the name of Caleb Burdsal, and it is recited should be transferred to Luzetta Burdsal or her heirs at the assessed valuation of $400.

It further appears that Walley, after the allowance of his claim against the estate of Caleb Burdsal, filed the identical claim against the estate of Luzetta Burdsal, which upon hearing was allowed, and judgment against her estate thereupon rendered. To reverse this judgment Elizabeth T. Hulbert, administratrix, prosecutes this appeal.

The contention of appellant is that the estate of Luzetta Burdsal is not responsible for the funeral expenses of the husband. The contention of appellee is that Mrs. Burdsal contracted the debt, and that her estate was liable for the

amount of the claim, and that inasmuch as the administratrix is claiming property standing in the name of Caleb Burdsal they have a right to claim payment of this amount from Luzetta Burdsal's estate.

The question presented for our determination is certainly singular, and we must admit that there is some force in the position taken by appellee. Yet nevertheless we are unable to find warrant in law or in reason sufficiently potent to sustain the position assumed by them.

The universally accepted rule is that the estate of a deceased person is responsible for the funeral expenses and other debts. This being true, and it not appearing from the record that the estate of Caleb Burdsal was insolvent, the question of Luzetta Burdsal's responsibility should not arise. On the contrary, it is shown that notwithstanding the fact that the administrator of Caleb Burdsal's estate had failed to find property with which to liquidate the claim, that nevertheless property did exist, subsequently discovered, which could have been and should have been inventoried as a part of his estate, and out of which the claim in question could have been paid.

It is true that they have inventoried as a part of the estate of Luzetta Burdsal property standing in the name of Caleb Burdsal, and assert that the title should be in the name of Luzetta Burdsal, but how, whether as heirs of Caleb Burdsal or from any other cause or reason, we are not advised, and as the record stands, this real estate as well as certain personal property about which some indefinite testimony is given, belongs to the estate of Caleb Burdsal, and should be administered upon by the administrator of his estate, and made to pay his obligations including the bill of Walley. The mere fact of the administratrix of Luzetta Burdsal's estate asserting that this real estate is the property of Luzetta Burdsal does not make it so, and it was unquestionably the duty of the administrator of Caleb Burdsal to have inventoried and reported this real estate to the probate court when discovered, and petitioned for a sale of the same if the personal estate was insufficient to satisfy the debts of the deceased. Instead

of doing this the parties seek to make this an original claim against the estate of Luzetta, after having presented it against the estate of Caleb, to charge her personally with his burial expenses, on the theory that she had superintended and directed the preparation and disposition of the body. We do not think they are in a position to assert in the first instance that the estate of Caleb, which is by the record now shown to be solvent and amply sufficient to satisfy this claim, is responsible ; and prove the claim and have it allowed against his estate and thereafter withdraw it and make it in the nature of a personal claim against the estate of Luzetta his wife. If it was a claim against the estate of Caleb, out of whose estate the claim was bound to be paid, then the wife could not primarily be held responsible. One cannot deny and affirm at the same time, and the position thus taken by the appellee is inconsistent. Notwithsanding the conclusion we have reached, we are, nevertheless, inclined to the opinion that the claim is a just one, that it was properly allowed against the estate of Caleb Burdsal, and that the administrator and the parties interested should pursue his estate. Inasmuch as the administratrix of Luzetta Burdsal has set up a claim to property standing in the name of Caleb, we shall reverse the judgment without prejudice.

The judgment is reversed.

*Reversed.*